AMY J. LONGO (Cal. Bar No. 198304)
Email: longoa@sec.gov
DOUGLAS M. MILLER (Cal. Bar No. 240398)
Email: millerdou@sec.gov
DAVID S. BROWN (Cal. Bar No. 134569)
Email: browndav@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Western Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MOTTY MIZRAHI AND MBIG COMPANY,<br><br>Defendants. | Case No. 2:19-cv-02284-PA-JEM<br><br>**FINAL JUDGMENT AS TO DEFENDANTS MOTTY MIZRAHI AND MBIG COMPANY** |

This matter came before the Court on plaintiff Securities and Exchange Commission's ("SEC" or "Commission") Motion for Monetary Relief against Defendant Motty Mizrahi ("Mizrahi"). The Court, having considered all of the evidence and arguments presented by the parties with regard to the SEC's Motion for Monetary Relief, the Memorandum of Points and Authorities and the other documents filed in support of the Motion for Monetary Relief, and having considered all of the evidence and arguments presented by the parties with regard to the SEC's Motion for Relief, finds that:

**I.**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the SEC's Motion for Monetary Relief against Defendant Mizrahi is GRANTED.

**II.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or

otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from:

    A.    employing any device, scheme or artifice to defraud any client or prospective client; and

    B.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client;

in violation of Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) & 80b-6(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Mizrahi is liable for disgorgement of $2,408,351, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $519,077, which shall be offset in an amount equal to the Order of Restitution that may be entered in *U.S. v. Motty Mizrahi, et al.*, Case No. 2:19-cr-00415-CJC (C.D. Cal.), and a civil penalty in the amount of $192,768 pursuant to Section 21(d)(3) of the Exchange Act and Section 209(e)(1) of the Advisers Act .

Defendant shall satisfy this obligation by paying $3,120,196 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Motty Mizrahi as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of

2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, Bank of America, TD Ameritrade, JP Morgan Chase Bank, and Wells Fargo Bank shall transfer the entire balance of the following bank and brokerage account(s) which were frozen pursuant to an Order of this Court to the Commission:

| INSTITUTION | ACCOUNT NAME/OWNER | ACCOUNT NO. |
|---|---|---|
| Bank of America | Motty Mizrahi | xxxxxxxx4113 |
| JPMorgan Chase | Motty Mizrahi, co-signer | xxxxx4049 |
| TD Ameritrade | Motty Mizrahi | xxxxx2652 |
| Wells Fargo | Motty Mizrahi, co-signer | xxxxxx8935 |

Bank of America, TD Ameritrade, JP Morgan Chase Bank, and Wells Fargo Bank may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Bank of America, TD Ameritrade, JP Morgan Chase Bank, and Wells Fargo Bank also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the SEC has forewent its claims for monetary relief against Defendant MBIG.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**VIII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal

5

Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: October 6, 2020

                                        PERCY ANDERSON
                                      UNITED STATES DISTRICT JUDGE